IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| BILLY N. HAMMOCK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 110-135 |
| ) | |
| JEFF DOWNIE[1], Special Agent, FBI, ) | |
| in his individual and official capacity, ) | |
| ) | |
| Defendant. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at Augusta-Richmond County Law Enforcement Center in Augusta, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983.[2] Because he is proceeding *in forma pauperis*, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which

---

[1] In a simultaneously filed Order, the Court granted Plaintiff's request to correct the spelling of Defendant's name from "Jeff Downing" to "Jeff Downie."

[2] Plaintiff initially filed the above-captioned case under 42 U.S.C. § 1983. Section 1983, however, only authorizes claims alleging the deprivation of constitutional rights by persons acting under color of state law. Here, Plaintiff is specifically suing a Special Agent of the FBI- an employee of the federal government. Thus, Plaintiff may not receive relief under § 1983. See, e.g., Sarro v. Cornell Corr., Inc., 248 F. Supp. 2d 52, 64 (D.R.I. 2003). Accordingly, the Court will construe Plaintiff's complaint broadly as an attempt to state a claim under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).

relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.[3]

I. **BACKGROUND**

Liberally construing Plaintiff's complaint, the Court finds the following. Plaintiff names FBI Special Agent Jeff Downie as the sole Defendant in this case.[4] (Doc. no. 1, pp. 1, 7.) Plaintiff alleges that on February 12, 2008, he was beaten by Deputies Young and Garganeous.[5] (Id. at 6.) Plaintiff then states that Defendant took a report and "was supposed to have investigated" the incident but was reassigned. (Id.) Plaintiff is suing Defendant under the theory that his failure to investigate Plaintiff's alleged beating violated Plaintiff's constitutional rights. (Id.) Plaintiff requests that the Court recover two reports that were allegedly "filed in Washington D.C.," rule fairly in CV 109-136, and grant him monetary damages. (Id. at 7.)

---

[3]Under 28 U.S.C. § 1915(b)(4), a prisoner cannot be prohibited from bringing a civil action because he has no means by which to pay an initial fee; thus, the Court will proceed to screen Plaintiff's complaint even though he is unable to pay any initial partial filing fee. However, in accordance with the terms of the Consent to Collection of Fees form which Plaintiff signed, he remains liable for the full $350.00 filing fee.

[4]To the extent that Plaintiff attempts to raise allegations against Captain Reeves, the Court will not examine these allegations as Plaintiff did not name Captain Reeves as a defendant in this case. (See generally, doc. no. 1.)

[5]Plaintiff filed a previous complaint in this Court under § 1983 claiming use of excessive force by Deputies Young and Garganeous. Hammock v. Garganeous, CV 109-136, doc. no. 1 (S.D. Ga. Jan. 13, 2011) (hereinafter CV 109-136). Deputy Young was dismissed from the case as the result of Plaintiff's failure to effect service upon him. Id., doc. no. 24. The remainder of the case was dismissed due to Plaintiff's failure to comply with discovery requests and this Court's Orders. Id., doc. no. 58.

## II. DISCUSSION

### A. Improper Relief

The Court first addresses Plaintiff's requested relief. First, Plaintiff requests that the Court locate and recover two reports that Plaintiff alleges were filed in "Washington D.C." However, Plaintiff fails to specify who filed these reports, when these reports were filed, where in Washington D.C. they were filed, and how these reports relate to his current claim. Even if Plaintiff had supplied all of this information, he still fails to establish that this Court has the authority to retrieve the alleged reports. Second, Plaintiff requests that the Court "rule fairly" in CV 109-136. As an initial matter, it is not necessary for a party to an action to file a motion requesting that a court "rule fairly" as due process demands impartiality from those who act in a judicial capacity. Schweiker v. McClure, 456 U.S. 188, 195 (1982). Additionally, it is not appropriate for Plaintiff to seek relief in a separate case by filing a motion in the instant action. Here, Plaintiff clearly had a means of seeking what he considers to be a "fair ruling" by filing objections to the November 23, 2010 Report and Recommendation in CV 109-136; in fact, Plaintiff took the opportunity to do so and filed objections. Id., doc. nos. 55, 56. Plaintiff's objections were subsequently overruled by the Honorable J. Randal Hall, United States District Judge, upon adoption of this Court's Report and Recommendation. Id., doc. no. 58.

### B. No Constitutional Right to an Investigation

The Court next turns its attention to Plaintiff's claim that Defendant violated Plaintiff's constitutional rights by failing to conduct an investigation of the alleged beating by Deputies Young and Garganeous. This Court previously found that Plaintiff's allegations

3

against Deputies Young and Garganeous arguably stated claims of excessive force. CV 109-136, doc. no. 7. Plaintiff's claim in this action is based upon Defendant's alleged failure to investigate Plaintiff's prior claim of excessive force. The Eleventh Circuit has ruled that there is no constitutional right to an investigation of an excessive force complaint. See Vinyard v. Wilson, 311 F.3d 1340, 1356 (11th Cir. 2002). Therefore, Plaintiff fails to state a claim upon which relief can be granted.[6]

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's case be **DISMISSED** for failure to state a claim upon which relief can be granted, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 21st day of January, 2011, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[6]Plaintiff filed a motion for an "Injunction for a Court Ordered Investigation" (doc. no. 8) in which he requests that the Court order a federal investigation into his claims of abuse by Deputies Young and Garganeous. Utilizing the Vineyard case cited in the above section, combined with the fact that Plaintiff provides no authority suggesting the Court is authorized to order such an investigation, the Court recommends that Plaintiff's motion for an "Injunction for a Court Ordered Investigation" be **DENIED**.

4